Claimant is hereby awarded the sum of $118.34.

(No. 5261-

ST. MARY'S HOSPITAL, DECATUR, OF THE HOSPITAL SISTERS OF THE
THIRD ORDER OF ST. FRANCIS, AN ILLINOIS CORPORATION, Claim-
ant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 24, 1966.*

DOWNING, SMITH, JORGENSEN AND UHL, Attorneys for
Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN,
Assistant Attorney General, for Respondent.

DOVE, J.

St. Mary's Hospital, Decatur, of the Hospital Sisters of
the Third Order of St. Francis, An Illinois Corporation,
claimant, presented its statement to the Department of
Public Aid for hospitalization services rendered one Myrtle
Strickler for the period from June 6, 1965 to June 15, 1965.
The Department of Public Aid had determined that the re-
cipient was eligible to receive aid under its program of
Assistance to the Medically Indigent Aged, but the Depart-
ment denied the instant claim on November 18, 1965 on
the basis that it was for services rendered prior to July 1,
1965, and that the appropriation for that biennium had
lapsed. Thereafter, and on December 9, 1965, a complaint in
this matter was filed in the Court of Claims. It contains a
request for payment of the sum of $318.20, representing

charges for the hospital services furnished said Myrtle Strickler during the above mentioned period of time.

A Departmental Report was filed in this matter, and received in the Attorney General's office on January 14, 1966, which stated: "We admit claimant is justly entitled to the amount claimed." Thereafter a written stipulation was entered into between claimant and respondent by their respective attorneys, which found that claimant furnished services to the said Myrtle Strickler; that the reasonable and equitable charges for the services so provided by claimant amounted to the sum of $318.20; and, that claimant was entitled to be reimbursed in that amount.

This Court has repeatedly held that, where a contract has been (1) properly entered into; (2) services satisfactorily performed, and materials furnished in accordance with such contract; (3) proper charges made therefor; (4) adequate funds were available at the time the contract was entered into; and, (5) the appropriation for the biennium from which such claim could have been paid had lapsed, it would enter an order for the amount due. *Memorial Hospital of Du Page County, a Corporation,* vs. *State of Illinois.* It appears that all qualifications for an award have been met in the instant case.

Claimant is hereby awarded the sum of $318.20.